UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ENOCH BONNER, #250166 )<br>)<br>Plaintiff,    )<br>v.                           )<br>)<br>)<br>)<br>SONNY'S RESTAURANT; CHEROKEE )<br>COUNTY SOLICITOR'S OFFICE OF )<br>GAFFNEY,                      )<br>Defendants.  )<br>_____) | C/A No.: 7:11-cv-02823-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on November 1, 2011 and made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff Enoch Bonner brought this action on October 14, 2011, pursuant to 42 U.S.C. § 1983.  In her November 1, 2011 Report and Recommendation, Magistrate Judge Jacquelyn Austin recommended dismissing this case without prejudice.  *See* Report and Recommendation, ECF No. 10.  Plaintiff filed a timely Objection to the magistrate judge's Report and Recommendation on November 14, 2011.  *See* ECF No. 13. For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation in its entirety.

### Background

Plaintiff claims that he was unlawfully prosecuted for the May 2010 robbery of Defendant Sonny's Restaurant because of defamation committed by Sonny's

Restaurant. Plaintiff also alleges that he was falsely arrested by Defendant Cherokee County Solicitor's Office. Plaintiff also reports that he was acquitted of the robbery charges at trial.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied,* 475 U.S. 1088 (1986).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

In order for objections to be considered by a United States District Judge,

the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 1999 (4th Cir. 1983).

## Discussion

*I.    § 1983 Claim*

In Plaintiff's Complaint and Objection to the magistrate's Report and Recommendation, Plaintiff raises a claim of false imprisonment by Cherokee County Solicitor's Office and a claim of defamation by Sonny's Restaurant. *See* ECF No. 1. Moreover, Plaintiff is seeking monetary damages against Defendants for these alleged constitutional violations. *See id.* After a careful review of the record, the applicable law, the Report and Recommendation, and the Plaintiff's objections, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

## II. *Plaintiff's Motion to Amend Complaint*

Plaintiff requests, in his Motion of Objection to magistrate's Report and Recommendation, that he is allowed to amend his Complaint to join the Assistant Solicitor(s) or Deputy Solicitor. *See* Motion, ECF No. 13. Liberally construing this request as a motion to amend a pleading to join additional parties pursuant to Rule 15 of the Federal Rules of Civil Procedure, this Court DENIES Plaintiff's motion.

Rule 15(a)(1)(A) allows parties to amend pleadings once as a matter of course within twenty-one (21) days of serving the pleading. This provision is inapplicable because Plaintiff sought to amend his pleading on November 14, 2011, which is more than twenty-one (21) days after he filed his Complaint on October 14, 2011. *See* Motion, ECF No. 13; Complaint, ECF No. 1.

A party may also seek to amend a pleading under Rule 15(a)(2) with the opposing party's written consent or the court's permission. Fed. R. Civ. P. 15. Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should "freely give leave [for amendment] when justice so requires." Fed. R. Civ. P. 15(a). This court has discretion to deny the motion to amend; however, its discretion is tempered by "the general policy embodied in the Federal Rules, which favors resolution of cases on their merits." *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). In accordance with the letter and spirit of the rule, "leave to amend a pleading should be denied *only when* . . . the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509

(4th Cir. 1986)). Therefore, a motion to amend may be denied for futility if the amendment is "clearly insufficient or frivolous on its face." *Oroweat Foods Co.*, 785 F.2d at 510–11.

In the case, Plaintiff seeks to join the Assistant Solicitor(s) or Deputy Solicitor of Cherokee County Solicitor's Office to the present action to pursue civil action against them; however, Plaintiff's action fails because he cannot maintain a § 1983 action against the Assistant Solicitor(s) or Deputy Solicitor of Cherokee County Solicitor's Office based on qualified immunity. Counties are considered to be municipalities under § 1983; thus, Cherokee County is considered to be a municipality in this case. *See Swaringen v. Ariail*, No. 4:10-cv-2825, 2011 WL 2036372 at *4 (D.S.C. April 28, 2011).[1] The Assistant Solicitor(s) or Deputy Solicitor of Cherokee County Solicitor's Office are officials of agencies that are an integral part of Cherokee County under § 1983. "[A] municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but 'only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom.'" *Swaringen*, 2011 WL 2036372 at *4 (quoting *Monell v. New York City Dept. of Soc. Servs*., 436 U.S. 658, 694 (1978)).

Here, Plaintiff's Objections to the Report and Recommendation makes no factual allegations that Defendants acted in furtherance of a policy, custom, or practice that resulted in the alleged violation of Plaintiff's civil rights. Therefore,

---

[1] Report and Recommendation adopted in *Swaringen v. Ariail*, No. 4:10-cv-02825, 2011 WL 2020746 (D.S.C. May 23, 2011).

Plaintiff cannot maintain a claim against the Assistant Solicitor(s) or Deputy Solicitor of Cherokee County Solicitor's Office under 28 U.S.C. § 1983.

### III. Motion to Appoint Counsel

Plaintiff's Motion to Appoint Counsel is denied. Generally, there is no right to appointed counsel in § 1983 actions. *Hardwick v. Ault,* 517 F.2d 295 (5th Cir. 1975). Under 28 U.S.C. § 1915, this Court may appoint a counsel for an indigent party. However, the Court will only appoint counsel in civil matters in truly exceptional circumstances. After a review of the record, the Court finds that no such circumstances exist. Therefore, the Plaintiff's request is DENIED.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHERMORE ORDERED that Plaintiff's Motion to Amend Complaint and Motion to Appoint Counsel are DENIED.

**IT IS SO ORDERED**.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

November 21, 2011
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.